■ STEWART COLLINS et al., Appellants, v IRVING EICHEN-BAUM, Respondent. [744 NYS2d 399] —Order, Supreme Court, New York County (Walter Tolub, J.), entered February 2, 2001, which granted defendant landlord's motion for summary judg-

ment dismissing the complaint and for summary judgment on his counterclaim to the extent of directing plaintiff tenants to either sign the leases as offered or be subject to eviction proceedings, unanimously affirmed, with costs.

There is no prohibition, under statute or the New York City Loft Board's determination concerning the subject premises, against a lease clause waiving the right to a jury trial, and tenants are not entitled to the automatic exclusion of such a clause when negotiations on the issue with the landlord prove futile.

Tenants concede that the parties never agreed that landlord would waive the right to recover possession of any unit in the premises for his own use, and their estoppel argument was properly rejected by the IAS court, since there is no evidence that either the Loft Board or tenants relied on the owner's purported waiver on that issue.

Although the named defendant is no longer the actual owner of the subject premises, having conveyed it in 1994 to his wife of 50 years, she stated in two affidavits that her husband acted as her authorized agent at all pertinent times, she ratified and adopted all of his actions (including negotiating the offered leases and asserting the counterclaim), and she agreed to submit to the court's jurisdiction and be bound by its decision. Accordingly, summary judgment on the counterclaim, to compel the tenants to either sign the leases as offered or face eviction proceedings, was properly granted. Concur—Nardelli, J.P., Andrias, Friedman, Marlow and Gonzalez, JJ.